UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORA A. MOSS,

    Petitioner,

v.                                       Case No. 07-14933

JERI-ANN SHERRY,                    Honorable Patrick J. Duggan

    Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION TO STAY PROCEEDINGS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 30, 2008.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Theodora Moss ("Petitioner"), a state prisoner currently confined at the Straits Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. In his petition, he raises claims regarding the denial of a directed verdict motion, the prosecution's failure to produce a witness, the validity of his sentence, and the denial of his state court motion for relief from judgment. Jeri-Ann Sherry ("Respondent"), through counsel, has filed an answer to the petition asserting that it should be dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions. Petitioner has responded by filing a motion to stay the proceedings. For the reasons set forth, the Court dismisses the habeas petition as

untimely and denies the motion to stay the proceedings.

**I.      Facts and Procedural History**

Petitioner was convicted of first-degree murder, arson of a dwelling house, and two counts of possession of a firearm during the commission of a felony following a jury trial in the Detroit Recorder's Court on March 22, 1990. He was sentenced to life imprisonment on the murder conviction and a concurrent term of 12 to 20 years' imprisonment on the arson conviction, and to concurrent terms of two years' imprisonment on the firearm convictions to be served consecutively to the other sentences.

Following sentencing, Petitioner filed an appeal as of right in the Michigan Court of Appeals, which affirmed his convictions, but remanded the case for re-sentencing as to the arson of a dwelling house and one of the felony firearm convictions. *See People v. Moss*, No. 129907 (Mich. Ct. App. Sept. 23, 1992). The Michigan Supreme Court denied leave to appeal. *See People v. Moss*, 442 Mich. 876, 500 N.W.2d 475 (March 29, 1993). On remand, the trial court imposed the same sentence. Petitioner filed an appeal with the Michigan Court of Appeals challenging the re-sentencing decision, which was affirmed. *See People v. Moss*, No. 163143 (Mich. Ct. App. June 20, 1995). The Michigan Supreme Court denied leave to appeal. *See People v. Moss*, 451 Mich. 877, 549 N.W.2d 569 (April 29, 1996).

On April 23, 2004, Petitioner filed a motion for relief from judgment with the state trial court, which was denied. Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals, which was denied. *See People v. Moss*, No. 267559

(Mich. Ct. App. July 27, 2006). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Moss*, 477 Mich. 949, 723 N.W.2d 883 (Nov. 29, 2006). Petitioner then filed a petition for a writ of certiorari with the United States Supreme Court, which was denied. *See Moss v. Michigan*, _ U.S. _, 127 S. Ct. 2110 (April 23, 2007).

Petitioner filed the present petition for writ of habeas corpus on November 19, 2007. Respondent has filed an answer to the habeas petition asserting that it should be dismissed for failure to comply with the one-year statute of limitations established by 28 U.S.C. § 2244(d)(1). Petitioner has since moved to stay the proceedings so that he may exhaust additional issues in the state courts.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA establishes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. Specifically, the revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State

> action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's conviction became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied the latest of Petitioner's direct appeals on April 29, 1996. Petitioner then had 90 days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* SUP. CT. R. 13(1). With regard to the statute of limitations, therefore, his convictions became final on July 28, 1996. Accordingly, Petitioner was required to file his habeas petition on or before July 28, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending. *See* 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment with the state trial court on April 23, 2004. Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction or collateral review of his convictions. A state court post-conviction motion that is filed following the expiration of the limitations period cannot

toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). The AEDPA's limitations period is only tolled while a prisoner has a properly filed motion for post-conviction or collateral review under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Consequently, the instant petition is untimely and subject to dismissal.

Petitioner has not alleged or established that the State created an impediment to the filing of his habeas petition or that the claims in the present petition are based upon newly-discovered evidence or newly-created rights which would warrant habeas relief.[1] His habeas action is thus barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine

---

[1]In his motion to stay the proceedings, Petitioner states that he wishes to return to state court to exhaust issues based upon newly-discovered evidence, a fellow prisoner's affidavit signed in April, 2008, and a 2007 Supreme Court decision. Those materials, however, are not related to the claims raised in his present habeas petition. Accordingly, they do not provide a basis for statutory tolling of his current petition. The Court makes no determination as to whether such evidence or case law may provide a basis for the filing of a second or successive habeas petition following the exhaustion of state court remedies.

whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner has not set forth any circumstances to justify the filing of his federal habeas action after the expiration of the one-year limitations period. The fact that Petitioner is untrained in the law, had to proceed without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)(ignorance of the law does not justify tolling); *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002)(illiteracy does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001)(lack of legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998)(citing cases establishing that ignorance of the law, illiteracy, and lack of legal

assistance do not justify tolling). Petitioner has also not shown diligence in seeking habeas relief given that he filed his state court motion for relief from judgment nearly eight years after his convictions became final. Petitioner is not entitled to equitable tolling under *Dunlap*.

The Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998)(quoting *Schlup v. Delo*, 513 U.S. 298, 327-28, 115 S. Ct. 851, 867-68 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611.

Petitioner has made no such showing. His conclusory allegation that he is innocent does not justify equitable tolling. *See Weibley v. Kaiser*, 50 Fed. Appx. 399, 403 (10th Cir. 2002). Moreover, fellow prisoner Grant Monroe's affidavit, attached to the motion to stay the proceedings, does not establish Petitioner's innocence. Although Mr. Monroe states that he did not see Petitioner at the house where the shooting occurred and

7

saw an unidentified black man walking toward the house, Mr. Monroe admits that he was not present in the house when the shooting occurred. Lastly, Petitioner's contention that his habeas claims have merit does not state a claim of actual innocence – nor does it justify tolling the limitations period. *See Holloway*, 166 F. Supp. 2d at 1191. He is thus not entitled to equitable tolling of the one-year period.

### III. Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's motion to stay the proceedings is **DENIED**.[2]

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Theodora A. Moss
#208491
Straits Correctional Facility
4387 W. M-80
Kincheloe, MI 49785

William C. Campbell, A.A.G.

---

[2]*But see supra* footnote 1.