UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORA A. MOSS,

        Petitioner,

                          CASE NO. 2:07-CV-14933
v.                        HONORABLE PATRICK J. DUGGAN

JERI-ANN SHERRY,

        Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

At a session of said Court, held in the
U.S. District Courthouse, Eastern District
of Michigan on August 18, 2008.

PRESENT:  HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

     Petitioner has filed a motion for a certificate of appealability concerning the Court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254 on statute of limitations grounds. Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. *See* 28 U.S.C. § 2253(c)(3); FED. R. APP. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

1

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003).

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85, 120 S. Ct. at 1604. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal is warranted. *Id.*

As explained in the Court's dismissal order, Petitioner's habeas petition is barred by the one-year statute of limitations applicable to federal habeas actions. *See* 28 U.S.C. § 2244(d). Petitioner has not established that the one-year period should be statutorily tolled. He has also not established that the one-year period should be equitably tolled.

2

*See Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001); *see also Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). Petitioner has not shown that reasonable jurists would find this Court's dismissal of his habeas petition on statute of limitations grounds debatable.

Accordingly, the Court **DENIES** Petitioner' motion for a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:
Theodora A. Moss
#208491
Straits Correctional Facility
4387 W. M-80
Kincheloe, MI 49785

William C. Campbell, Esq.